**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MORGAN HOWARTH** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION # 4:21-cv-163** |
| | : | |
| **vs.** | : | |
| | : | |
| | : | **JURY DEMANDED** |
| **MICHAEL CARNAHAN, KORTNI** | : | |
| **CARNAHAN and CARNAHAN** | : | |
| **LANDSCAPING AND POOLS, INC.** | : | |
| | : | |
| **Defendants** | : | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Morgan Howarth respectfully alleges as follows for his original complaint against Michael Carnahan, Kortni Carnahan and Carnahan Landscaping and Pools, Inc.

**PARTIES**

1.      Plaintiff Morgan Howarth ("Plaintiff" or "Howarth") is a resident of Gainesville, Virginia.

2.      Defendant Michael Carnahan is an individual believed to be residing in Tomball, Texas and may be served at his place of business at 32831 TX-249, Pinehurst, TX 77362.

3.      Defendant Kortni Carnahan is an individual believed to be residing in Tomball, Texas and may be served at his place of business at 32831 TX-249, Pinehurst, TX 77362.

4.      Defendant Carnahan Landscaping and Pools, Inc. ("Defendant" or "CLP") is a Texas corporation with its principle place of business in Pinehurst, Texas, and may be served through its registered agent Kortni Carnahan at 32831 TX-249, Pinehurst, TX 77362.

## NATURE OF THE CLAIMS

5.     This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.*, arising in connection with Defendants' unauthorized commercial exploitation of one of Plaintiff's federally registered photographs.

## JURISDICTION and VENUE

6.     This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 *et seq.* (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

7.     This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

8.     All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

9.     Plaintiff is a professional photographer who makes his living by taking, licensing, and selling his photographs.   His clients include CBS, Timex, Sears, Cole Haan, Hilton Worldwide, Speedo, Timberland Shoes and Marriott International.   Plaintiff has developed a painstaking photography process – combining a multitude of separately lit images to create a rich and distinctive finished result, and is highly sought after for his work.

10. Defendant CLP is a landscaping and pool building company based in Pinehurst, Texas. According to records maintained by the Texas Secretary of State, Mr. and Mrs. Carnahan are the officers of CLP, with Mr. Carnahan serving as President, and Mrs. Carnahan serving as Vice President; and upon information and belief, Mr. and Mrs. Carnahan are the company's sole shareholders.

11. Plaintiff is the sole author and creator of the photo at issue in this action, a copy of which is set forth below (the "Photo"), and has at all times been the sole owner of all right, title and interest therein and thereto, including the copyrights.[1]



12. In or around the May, 2020, Plaintiff discovered that CLP was displaying the Photo on its website for marketing purposes, as illustrated below:

---

[1] The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 2-038-489, effective January 27, 2017, a true and correct copy of which is attached hereto as **Exhibit A**.



Image Source: HGTV

**Outdoor Fireplace**

An outdoor fireplace makes a great addition to any backyard and can be utilized regardless of the time of year. Not only are outdoor fireplaces aesthetically pleasing, they also provide warmth during the colder months of the year making your backyard space accessible all year long.

13.     On October 20, 2020, Plaintiff (through counsel) notified Defendants that they were using Plaintiff's Photo without authorization, and attempted to negotiate an amicable resolution of Plaintiff's claim.  Mr. Carnahan responded the same day, confirming that his "web guy" placed the Photo on the website, and stating that he would have it removed, but otherwise ignoring Plaintiff's correspondence.  Plaintiff, through counsel, requested that Mr. Carnahan identify his "web guy," and produce additional information related to the use in an effort to resolve the matter.  Mr. Carnahan ignored the communication, along with several follow-up communications sent on October 29, 2020, November 3, 2020 and November 6, 2020.

14.     On November 25, 2020, Plaintiff's counsel forwarded a draft complaint to Mr. Carnahan advising that suit would be filed if no response was received.  Mr. Carnahan subsequently responded, advising that the claim had been submitted to his liability carrier, in response to which Plaintiff agreed to delay litigation.

15.     On December 10, 2020, Kara Miller, a claims adjuster with AmTrust Financial Services, Inc., responded to Plaintiff's demand—claiming that the photograph was placed on her

4

insured's website in December 2016, prior to registration.  However, records obtained from the Internet Archive indicated that Ms. Miller was not being truthful, instead reflecting that the photograph was uploaded in May, 2019.  Subsequent statements by Ms. Miller further suggested that the photograph was likely also in other media, in addition to the website use.

16.    Plaintiff now brings this suit for copyright infringement.

## COUNT 1:
## COPYRIGHT INFRINGEMENT

17.    Plaintiff realleges and incorporates herein the foregoing paragraphs.

18.    By its actions alleged above, Defendant CLP has infringed Plaintiff's federally registered copyrights.  Specifically, by copying, distributing and/or displaying the Photo on its website without his consent, CLP has infringed Plaintiff's exclusive rights set forth in 17 U.S.C. § 106, and is liable therefor.

19.    Upon information and belief, Defendants Michael Carnahan and Kortni Carnahan are jointly and severally liable for any direct copyright infringement committed by CLP and/or its agents because they participated in the acts of infringement and/or because they were the dominant influences in the company, and determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

20.    Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their actions constituted copyright infringement; and/or because they acted with reckless disregard of Plaintiff's copyrights.  For instance, most or all of the photographs used in connection with the webpage featuring Plaintiff's Photo were apparently stolen from other websites, including

HGTV, Country Living, Better Homes and Gardens and Pinterest[2]—most or all of which contain copyright notices and warnings against unauthorized use.[3]  Despite those notices and warnings, Defendants recklessly used the photographs (including Plaintiff's Photo) without authorization, and/or were willfully blind to the possibility that their uses were infringing.[4]

21.    As a result of the foregoing, Plaintiff is entitled to actual damages plus profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 2:
### VICARIOUS INFRINGEMENT

22.    Plaintiff realleges and incorporates herein the foregoing paragraphs.

23.    In addition to, and/or in the alternative to direct infringement, Defendants Michael Carnahan and Kortni Carnahan – as owners, officers and the dominant forces in CLP——are liable for vicarious infringement because they had the right and ability to supervise the infringing activities of CLP and its agents (by virtue of their roles in the closely held company), and the practical ability to stop the infringement (by prohibiting the use of the Photo, requiring proof of authorization to use the Photo, and/or removing the Photo); and because they had a direct financial interest in CLP's infringing activities by virtue of the heightened web traffic and leads that were generated through the use of the Photo, their ownership interests in the company, and the saved costs of licensing fees (had the work been properly licensed from Plaintiff). *See, e.g.,*

---

[2] *See* **Exhibit B**.

[3] *See, e.g.*, https://help.pinterest.com/en/article/copyright ("Except in unusual cases, Pinterest is not the copyright holder in the images that users pin on the site. Where necessary, you should get permission to use an image from its copyright owner.").

[4] *See, e.g.,Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017) (infringer's failure to conduct any inquiry into ownership supported finding of willfulness)

*Playboy Enters., Inc. v. Webbworld Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

24.    Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their use of Plaintiff's Photo was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights and/or remained willfully blind by failing to insure that the image was properly licensed despite copyright notices and warnings contained on the websites from which they obtained photographs.

25.    As a result of the foregoing, Plaintiff is entitled to actual damages plus profits of the Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## JURY DEMAND

26.    Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

Plaintiff prays for:

A.    An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the Photo;

B.    An award of actual damages under 17 U.S.C. § 504(b), or statutory damages under 17 U.S.C. § 504(c);

C.    An award to Plaintiff of his reasonable costs and attorney's fees under 17 U.S.C. § 505;

D.      Prejudgment and post-judgment interest on any damage award as permitted by law; and

E.      Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

Dated this 18th Day of January, 2021

**LAW OFFICE OF BUCK MCKINNEY, PC**


/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone:  512/236-0150
Fax:  512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR PLAINTIFF MORGAN HOWARTH